**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **WOODY A. MCDANIEL,** | CASE NO. 5:23 CV 1698 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **WARDEN TJ MARTIN,**[1] | |
| Respondent. | **MEMORANDUM OPINION AND ORDER** |

Petitioner Woody A. McDaniel ("Petitioner), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Amanda M. Knapp for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On May 4, 2026, Judge Knapp issued an R&R recommending the Court deny and/or dismiss the Petition. (Doc. 15). Petitioner filed objections to the R&R. (Doc. 17).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies Petitioner's habeas Petition.

---

1. Petitioner is currently incarcerated at the Noble Correctional Institution, where TJ Martin is the Warden. *See* https://drc.ohio.gov/about/facilities/noble-correctional. As such, Martin is the proper Respondent. *See Rumsfeld v. Padilla,* 542 U.S. 426, 434-35 (2004); (Doc. 6, at 1 n. 1).

**BACKGROUND**

This habeas case, filed on August 30, 2023, stems from Petitioner's 2017 convictions on guilty pleas to charges of two counts of rape in Portage County Common Pleas Court. *See State v. McDaniel*, 2020 WL 7863160, at *1 (Ohio Ct. App.). Petitioner raises four grounds for relief:

**GROUND ONE:** Sixth Amendment right to jury trial denied.

> **Supporting Facts:** The trial court erred in failing to explain my right to a jury trial as guaranteed by the Sixth Amendment which states in part: "A speedy and public trial by an impartial jury of the state and district wherein the crime shall have been."

**GROUND TWO:** State of Ohio deprived me of my Fifth and Fourteenth Amendment rights to due process.

> **Supporting Facts:** By not granting my appeal and my subsequent petition to the Supreme Court of Ohio[] my due process rights were violated. The trial court violated due process rights by not explaining those rights that I was giving up via the plea.

**GROUND THREE:** A sentence of 24 to life is cruel and unusual punishment for crimes I did not commit and a violation of my 8th Amendment right.

> **Supporting Facts:** I did not rape the victims in question I was told that I had no choice and was coer[c]ed into taking a plea.

**GROUND FOUR:** My 6th Amendment right to effective coun[s]el was denied.

> **Supporting Facts:** Because my attorney coerced me into a plea for things I did not do and did not object to the court not addressing the rights I was supposedly waiving he was ineffective and this is a violation of my 6th Amendment right.

(Doc. 1, at 5-11).

In her R&R, Judge Knapp recommends the Court find Ground One not cognizable to the extent it asserts claims under state law and without merit to the extent it asserts a federal constitutional claim. (Doc. 15, at 11-19). She further recommends the Court find Ground Two without merit, and Grounds Three and Four procedurally defaulted. *Id.* at 19-30.

2

**STANDARD OF REVIEW**

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. Am. Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

**DISCUSSION**

Petitioner filed Objections to the R&R. (Doc. 17). Below, the Court addresses Petitioner's specific objections regarding each Ground for relief asserted.

Ground One

Petitioner first objects to the R&R's "narrowing" of Ground One "to only state law" as he contends it was properly presented as a federal constitutional claim. (Doc. 17, at 7).

On *de novo* review, the Court finds the Magistrate Judge did not "narrow" Petitioner's claim. Rather, the R&R merely explained that "[*t*]*o the extent that* the claim in Ground One is premised on alleged violations of Ohio's Criminal Rules or any other state law," such a claim is non-cognizable on federal habeas review. (Doc. 15, at 15). This is a correct statement of the law. *See Estelle v. McGurie*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Riggins v. McMackin*, 935 F.2d 790, 794 (6th Cir. 1991) (explaining habeas relief was not appropriate based on a violation of Ohio Criminal Rule 11); *Rose v. Warden Chillicothe Corr. Inst.*, 2019 WL 5260158, at *2 (6th Cir.) ("The district court determined that, to the extent Rose was arguing . . . that the trial court failed to comply with Ohio Rule of Criminal Procedure 11 . . . such a claim was not cognizable on federal habeas review. Reasonable jurists would not debate the district court's conclusions on these points.").

Moreover, the Court agrees with Petitioner (and the R&R does not dispute) that he presented a federal constitutional claim. The R&R explicitly addressed the federal constitutional due process claim Petitioner raised regarding the validity of his guilty plea as part of its Ground One analysis. *See* Doc. 15, at 15-19. An Ohio appellate court previously adjudicated this claim, the R&R therefore properly applied AEDPA deference to that decision. *See id.* at 15 (citing 28

4

U.S.C. § 2254(d)). The Court has reviewed, *de novo*, the R&R's analysis of the merits of the due process claim presented in Ground One and finds it to be thorough, well-reasoned, and a correct application of the appropriate standard. Petitioner's objections and arguments to the contrary are overruled.

Ground Two

Petitioner "objects as to the outright denial" of Ground Two's claims "as they are technically tied to [G]round [O]ne and are being presented as being an 'unreasonable application of[] federal law, or an unreasonable determination of the facts." (Doc. 17, at 14). Petitioner seemingly presents his Ground One argument again, stating "[t]he plea colloquy is void of the word jury, as the 'silent' record, a record without a transcript of waiver, shows." *Id.*

Having found no error in the R&R's analysis of this claim as evaluated in Ground One, the Court similarly overrules Petitioner's objection regarding Ground Two.

Ground Three

Petitioner objects to the conclusion that Ground Three is procedurally defaulted, arguing denial of the claim would result in a "fundamental miscarriage of justice." (Doc. 7, at 14) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Petitioner further argues his sentence is disproportionate to that of others who have committed similar crimes, and cites prison overcrowding, the risk of recidivism, and the taxpayer costs of imprisonment. *Id.* at 14-15. And he again cites "actual innocence" to excuse the default. *Id.* at 17.

On *de novo* review, the Court finds none of Petitioner's arguments speak to the R&R's well-reasoned explanation that this claim was procedurally defaulted for failure to raise it to the state courts and that Petitioner "does not identify new reliable evidence to support a credible claim of innocence." (Doc. 15, at 23). As the R&R correctly identified, "[f]or a claim of actual innocence

to be credible in this context, a petitioner must 'support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Petitioner has not done so here and his arguments regarding cost, sentencing disparities, and prison conditions simply do not speak to the relevant standard.

Petitioner's objections to the R&R's conclusion regarding Ground Three are overruled.

Ground Four

Petitioner's objection as to the R&R's conclusion on Ground Four is similar to his objection to Ground Three. He again argues "it would be constitutionally unfair and 'failure to consider the claims will result in a fundamental miscarriage of justice.'" (Doc. 17, at 16) (quoting *Coleman*, 501 U.S. at 749). He argues that "[t]o bar his claim simply because of an unjust and unfair law such as AEDPA is technically unconstitutional." *Id.*

Again, Petitioner's objection in large part does not speak to the R&R's reasoning. The R&R found Ground Four presented two separate allegations of ineffective assistance of trial counsel: (1) a coercion claim (that trial counsel coerced him into pleading guilty); and (2) an objection claim (that counsel failed to object after the trial court allegedly failed to adequately advise him of the rights waived by pleading guilty). (Doc. 15, at 25). The R&R correctly found the latter claim would have been apparent from the trial record and thus Petitioner was required to raise it on direct appeal. *Id.* Petitioner did not, and so the claim is procedurally defaulted.

Petitioner appears to take issue with the Magistrate Judge's conclusion that the former ineffective assistance claim is not "substantial" as that term is used in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013). *See* Doc. 17, at 17-19. But on *de novo* review,

the Court agrees with the R&R's analysis that Petitioner's claim that his guilty plea was coerced by counsel is belied by the record. (Doc. 15, at 29).

Furthermore, as above, Petitioner has not presented evidence of actual innocence such that he can satisfy the "fundamental miscarriage of justice" exception to his procedural default. *See Coleman*, 501 U.S. at 750; *Schlup*, 513 U.S. at 324.

In the conclusion of his objections regarding Ground Four, Petitioner requests, for the first time, that this case be stayed so he can attempt to exhaust his ineffective assistance of appellate counsel argument (which he seeks to use as cause to excuse the procedural default of his ineffective assistance of trial counsel claim) in a delayed Ohio Appellate Rule 26(B) application. (Doc. 17, at 21-22). But Petitioner did not raise such an argument to the Magistrate Judge, and it is therefore waived. *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) ("[T]he Sixth Circuit has generally articulated that 'issues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived.'") (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). And even if not waived, the Court finds a stay at this juncture not appropriate. Under *Rhines v. Weber*, district courts have authority to stay habeas cases pending exhaustion. 544 U.S. 269, 276 (2005). However, *Rhines* explained that this authority should be used in "limited circumstances." *Id.* at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

Ohio Appellate Rule 26(B) requires that an application for reopening based on ineffective assistance of appellate counsel be filed within 90 days of "journalization of the appellate

judgment." Ohio R. App. P. 26(B). Here, the appellate judgment was journalized on December 31, 2020, more than five years ago.

While it is true that an Ohio court of appeals can accept a delayed application upon a showing of good cause, *see* Ohio R. App. P. 26(B)(2)(b), Petitioner has offered no good cause for his delay. "Good cause can excuse the lack of a filing only while it exists, not for an indefinite period." *State v. Fox*, 700 N.E.2d 1253, 1254 (Ohio 1998). The Court therefore denies Petitioner's request to stay.

Finally, to the extent Petitioner seeks relief based on an argument that AEDPA is unjust or unconstitutional, *see* Doc. 17, at 19, the Sixth Circuit has held to the contrary. *See Sanders v. Plappert*, 168 F.4th 837, 848 (6th Cir. 2026) ("We . . . join every court that has addressed this issue and affirm the constitutionality of AEDPA.").

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Knapp's R&R (Doc. 15) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DENIED and DISMISSED as set forth therein and herein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, nor would jurists of reasonable mind find it debatable whether the procedural rulings are correct, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

8

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2026